NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

21-P-1079

COMMONWEALTH

vs.

JOHN DOE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, John Doe, was charged with assault and battery on his daughter in August of 2020.  The case was dismissed for lack of prosecution on November 19, 2020.  Some 110 days after the dismissal, Doe filed a petition to seal his criminal record.  See G. L. c. 276, § 100C; Commonwealth v. Pon, 469 Mass. 296 (2014).  After a hearing in which a judge of the District Court considered the arguments of counsel and affidavits and documents filed by Doe, the judge denied the request on the grounds that neither the passage of time nor nature and reason for the disposition militated in favor of its allowance.[1]  We affirm.

---

[1] The Commonwealth took no position on the request.

Discussion. We review the motion judge's decision for an abuse of discretion or error of law. Pon, 469 Mass. at 299. In Pon, supra at 321-322, the Supreme Judicial Court "announce[d] . . . a lower standard for sealing" a criminal record under G. L. c. 276, § 100C, requiring that a defendant's petition should "set[] forth facts that demonstrate good cause for overriding the presumption of public access to court records." Doe carried the burden, id. at 314, to show good cause for sealing based on the following factors:

> "the particular disadvantages identified by the defendant arising from the availability of the criminal record; evidence of rehabilitation suggesting that the defendant could overcome these disadvantages if the record were sealed; any other evidence that sealing would alleviate the identified disadvantages; relevant circumstances of the defendant at the time of the offense that suggest a likelihood of recidivism or of success; the passage of time since the offense and since the dismissal or nolle prosequi; and the nature of and reasons for the particular disposition."

Id. at 316.

We are confident that the judge did not abuse her discretion based on the record before her. The police reports before the motion judge stated that Doe, a father of three in his mid-fifties, had an argument with his then-eighteen year old daughter, that she threw a metal cup of water at him, that he ran up the stairs demanding that she pick it up, and that he pushed her to the ground when she did not. The daughter called

2

the police, but subsequently declined to press charges.[2]  Doe sought sealing on the grounds that he had no criminal history, his actions were uncharacteristic and borne of a fraught family dynamic based on his daughter's history, and the impact of the availability of this record on his career in health care.  We consider these arguments in turn.

Doe maintains that the incident was isolated and would not be repeated, that he had no criminal record of any kind, and that sealing was therefore in order.  While there is some force to this argument, the judge was not required to accept it, particularly when the motion was brought less than four months after the dismissal of the charges.  To the extent that the judge's decision reflected a preference for evaluating Doe's risk of recidivism over a longer span of time, we cannot say that that determination fell outside the range of reasonable alternatives or demonstrated "a clear error of judgment in weighing the factors relevant to the decision" (quotation and citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Doe also contends that he risks losing important professional certifications as a health care provider if his

---

[2] Although Doe now suggests that the judge should not have credited the police report, it was attached as an exhibit to his petition, and he did not seek to testify or challenge it.

3

record is revealed to licensing authorities, thus imperiling his career of nearly three decades. In essence, this is a challenge to the judge's decision not to find in Doe's favor on the first three Pon factors. "As explained in Pon, 469 Mass. at 316, a defendant seeking to seal his record 'need not establish a risk of specific harm, [so long as] he . . . allege[s] with sufficient particularity and credibility some disadvantage stemming from [criminal offender record information (CORI)] availability that exists at the time of the petition or is likely to exist in the foreseeable future.' 'This can include, but is not limited to, a risk of unemployment [or] underemployment' (emphasis added)." Commonwealth v. Doe, 90 Mass. App. Ct. 793, 797 (2016), quoting Pon, supra at 316-317.

However, as the Commonwealth points out on appeal, the relevant licensing authorities have "standard" CORI access, and therefore would not be privy to a record of a charge that was dismissed. See G. L. c. 6, § 172 (a) (3); 803 Code Mass. Regs. § 2.05(4) (2021). Doe has not cited any authority to the contrary.[3] Doe's showing therefore fell short of demonstrating

---

[3] Doe also alleges that the Drug Enforcement Administration would seek his criminal record in the course of the renewal of his controlled substances registration, that a record of a dismissed charge would result in nonrenewal of this registration, and that his ability to prescribe would be limited as a result. However, G. L. c. 6, § 172 (a) (1), provides that "[c]riminal justice agencies may obtain all criminal offender record information, including sealed records, for the actual performance of their

4

"with sufficient particularity and credibility" that he would be disadvantaged in the licensing process.  Pon, 469 Mass. at 316.

The judge was charged with determining whether there was good cause to seal Doe's record by carefully balancing Doe's interest in privacy against the public right of access.  Pon, 469 Mass. at 316.  In the absence of a demonstrated risk of harm, together with the short span of time in which the petition was filed and the fact that the dismissal was based on the noncooperation of the daughter, we cannot say the judge abused her considerable discretion in striking that balance here.

<div style="margin-left: 50%;">

Order denying motion to seal affirmed.

By the Court (Sullivan, Shin & Hodgens, JJ.[4]),

*Joseph F. Stanton*

Clerk

</div>

Entered:  February 10, 2023.

---

criminal justice duties" (emphasis added).  Thus, Doe has not met his burden to show that sealing would ameliorate any risk regarding loss of registration.

[4] The panelists are listed in order of seniority.